### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY L. BERHOW** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:04CV511LG-RHW** |
| | § | |
| **THE PEOPLES BANK, ET AL.** | § | **DEFENDANTS** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS RICO CLAIM

BEFORE THIS COURT is the Defendants' Motion to Dismiss RICO Claim [92], filed in the above-captioned cause on April 29, 2005. Defendants contend that the Plaintiff has failed to state a RICO claim against them. For the reasons set forth below, Defendants' Motion to Dismiss should be granted.

### FACTS AND PROCEDURAL HISTORY

The Plaintiff, Mary L. Berhow, filed a complaint against Defendants The Peoples Bank, Peoples Financial Corporation and Ralph Seymour, alleging numerous claims, including a claim that the Defendants violated provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO). Berhow also alleged that the Defendants violated the state RICO provision, MISS. CODE ANN. § 97-43-1.[1] In addition, Berhow alleged state law claims of negligence, gross negligence, and fraud.[2] Berhow's claims arise out of various transactions in which Seymour, a loan officer at The Peoples Bank at the time, created fictitious loans and forged checks in Berhow's name. Berhow's RICO statement alleged the following:

---

[1] Defendants The Peoples Bank and Peoples Financial do not seek a dismissal of the state RICO claims in their motion.

[2] Defendants The Peoples Bank and Peoples Financial moved for summary judgment on the state law claims of negligence and gross negligence. The Court is granting that motion in an opinion entered simultaneously with this opinion.

> Ralph Seymour, The Peoples Bank and Peoples Financial Corporation are the defendants.  Each defendant has violated 18 U.S.C. Section 1962(a) by receiving income, directly or indirectly, through a pattern of racketeering activity and has used the income or its proceeds in the operation of an enterprise engaged in, or the activities of which affect interstate commerce.  Each defendant has violated 18 U.S.C. Section 1962(b) by maintaining, directly or indirectly, an interest or control of The Peoples Bank, an enterprise engaged in or affecting interest commerce.  Each defendant has violated 18 U.S.C. Section 1962(c) by being employed by or associated with The Peoples Bank, which is an enterprise engaged in or affecting interstate commerce.
>
> Specifically, but not exclusively, the misconduct has been that between 1998 and May 7, 2002, Seymour created fictitious loans, caused loan disbursement checks to be prepared, forged customers names on loan documents and loan checks, cashed the checks and kept the money.  The fictitious loans were processed through The Peoples Bank.  The bank gave Seymour cash and then collected monies from the customers through loan payments.

(Defs.' Br. in Supp. of Mot. to Dismiss, pp. 2-3, filed April 29, 2005, *quoting* Pl.'s RICO Stmt. ¶ 2.)  The Defendants seek a dismissal of the RICO claims because they contend that the Plaintiff has failed to state a claim against them.

## DISCUSSION

STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6):

To determine whether a motion to dismiss should be granted for failure to state a claim, the Court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."  *Pace v. Suntech, Inc.*, 900 F. Supp. 20, 23 (S.D. Miss. 1995), *citing McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992).  "The purpose of a Rule 12(b)(6) motion to dismiss is to test the statement of the claim for relief as set out in the complaint."  *Pace*, 900 F. Supp., at 23 (S.D. Miss. 1995), *citing Murray v. Amoco Oil Co.*, 539 F.2d 1385, 1387 (5th Cir.1976).  "The motion may be granted 'only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Pace*, at

2

23 (S.D. Miss. 1995), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir.1990) (additional citations omitted).

HAS PLAINTIFF MARY BERHOW FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RICO?

"RICO provides a private civil action to recover treble damages for injury suffered as a result of a violation of its substantive provisions." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998), *citing Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 481, 105 S.Ct. 3275, 3277 (1985). "To state a civil RICO claim under § 1962, a plaintiff must allege: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Price*, 138 F.3d at 606, *citing Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989) (citing *Sedima*, 473 U.S. at 496, 105 S.Ct. at 3285). "'[T]o avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (citation omitted). "And, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry*, 954 F.2d at 281 (citation omitted).

Berhow has asserted RICO violations pursuant to subsections 1962(a) and (b). "Reduced to their simplest terms, these subsections state that:

> (a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;
>
> (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity. . . ."

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). The common elements of the foregoing provisions "teach that any RICO claim necessitates '1) a *person* who engages in 2) a *pattern of*

3

*racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*.'" *Crowe*, 43 F.3d at 204 (citations omitted).  Berhow has identified Seymour as the person; bank fraud and forgery as the pattern of racketeering activity; and the Bank as the enterprise.

The Peoples Bank and Peoples Financial seek a dismissal of the § 1962(a) claim based upon their contention that Berhow has not pled an "investment injury."  The Defendants also seek a dismissal of the § 1962(b) claim based upon their contention that Berhow has failed to plead an injury resulting from the acquisition or control of an interest in the enterprise.  Lastly, the Defendants contend that Berhow's claim under § 1962(c) should be dismissed because only a person can be liable under this provision.

Berhow contends that she has properly pled an investment injury to maintain a claim under § 1962(a) based upon her claim that the Bank received money from Berhow for payment on her fictitious loans and then the Bank reinvested this money in and for the enterprise.  Berhow claims that she was injured "by the fact her legitimate indebtedness was not reduced; the legitimate indebtedness was not reduced because the money was invested in the enterprise." (Pl.'s Resp. to Defs.' Mot. to Dismiss, p. 3, filed July 1, 2005.)  In addition, Berhow contends that she has properly pled a claim under § 1962(b) based upon the following:

> The predicate acts of forgery and fraud first acquired money from the Bank which then flowed to Seymour.  The Bank and Seymour later collected an "unlawful debt" from Berhow when she made payments on and paid off loans.  Certainly the Bank and Vice President Seymour had an "interest in" and "control of" the enterprise called The Peoples Bank.  The control of the enterprise–operating a bank, collecting loan payments on fictitious loans and incorporating fictitious loans into legitimate loans–certainly damaged Mary Berhow.

(Pl.'s Resp., p. 6.)  Therefore, Berhow contends that the Defendants' motion should be denied,

except on her claim under § 1962(c).  Berhow concedes that her claim under section 1962(c) should be dismissed

*Claim Pursuant to § 1962(a):*

"For claims arising under § 1962(a), alleging an injury solely from the predicate racketeering acts themselves is not sufficient because § 1962(a) does not prohibit those acts." *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 929 (5th Cir.), *cert. denied*, 537 U.S. 1047, 123 S.Ct. 600, 154 L.Ed.2d 520 (2002), *citing Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992).  "Instead, 'any injury must flow from *the use or investment of racketeering income*.'" *Nolen*, 293 F.3d at 929, *quoting St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000).  Berhow contends that she was injured by making loan payments to the Bank which were applied to the fictitious loans, and then the Bank reinvested these payments in the enterprise.  Berhow contends that by applying the payments to the fictitious loans, her legitimate loans were not reduced.  Although Berhow alleges that she made payments which were applied to fictitious loans, she has failed to identify an injury resulting from the Bank's "reinvestment" of the racketeering income.  The injury described by Berhow is an injury which resulted from the predicate acts.  Accepting Berhow's well-pleaded facts as true, the undersigned finds that Berhow has failed to allege an investment injury as required under § 1962(a).  Therefore, the Bank's motion with regard to this claim must be granted.

*Claim Pursuant to § 1962(b):*

To state a claim under § 1962(b), "a plaintiff must show that his injuries were proximately caused by a RICO person gaining an interest in, or control of, the enterprise

5

through a pattern of racketeering activity." *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995), *citing Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1219 (5th Cir. 1989). Berhow has alleged that the Bank and Seymour had an "interest in" and "control of" the enterprise.  Berhow further alleges that by controlling the enterprise, the Bank and Seymour collected loan payments on fictitious loans and incorporated fictitious loans into legitimate loans.   Berhow contends that through this conduct, she was damaged.  Again, Berhow fails to identify an injury that flowed from Seymour gaining an interest in or control of the Bank through his fraud and forgery.  Berhow has merely identified the injury she sustained from the predicate acts themselves.  Accepting Berhow's well-pleaded facts as true, the undersigned finds that Berhow has failed to plead an acquisition injury.  Therefore, her claim under § 1962(b) must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that for the reasons stated above, the Defendants' Motion to Dismiss RICO Claim [92], filed in the above-captioned cause on April 29, 2005, should be, and is hereby **GRANTED.**  The Plaintiff's RICO claims are hereby **DISMISSED.**

**SO ORDERED AND ADJUDGED** this the 28th day of March, 2006.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE